# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Scott Alan Miller, ) | Civil Action No. 6:13-cv-00165-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration[1], ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Scott Alan Miller ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 30.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Id. at 31.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 32.) For the reasons set forth below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the Commissioner's final decision.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (See ECF No. 30 at 6–22.) The court concludes,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on November 6, 1964 and is presently forty-nine (49) years old. (ECF No. 12-5 at 21.) Plaintiff has a twelfth grade education and past relevant work experience as a handyman and receiving clerk. (ECF No. 13-3 at 15.) He filed an application for DIB on October 16, 2007, alleging disability since August 17, 2006, due to heel fractures, cervical and lumbar spine problems, arthritis, headaches, depression, anxiety, and insomnia. (ECF No. 12-5 at 21; see also ECF No. 12-4 at 24.) Plaintiff's application was denied initially and upon reconsideration on June 6, 2008. (ECF No. 12-4 at 22–24.) Plaintiff then requested an administrative hearing on August 5, 2008. (Id. at 28.) On August 18, 2009, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on March 11, 2010, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because he was capable of "making a successful adjustment to other work that exists in significant numbers in the national economy." (ECF No. 12-2 at 26, 32.) Thereafter, the Appeals Council denied Plaintiff's request for review on November 18, 2010, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on January 18, 2011, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1 (Docket No. 6:11-cv-00141-JMC).) On March 28, 2012, the court reversed the Commissioner's final decision denying Plaintiff's claim for DIB and remanded the case for further proceedings. (ECF No. 25 (Docket No. 6:11-cv-00141-JMC).)

On remand, the ALJ's decision was vacated and a new hearing was held on June 26, 2012. (ECF No. 13-3 at 18.) Thereafter, on September 18, 2012, the ALJ found that Plaintiff was not under a disability as defined by the SSA because he was capable of "making a successful adjustment to other work that existed in significant numbers in the national economy." (Id. at 16–17.)

On January 16, 2013, Plaintiff commenced a second action in this court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) On March 11, 2014, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed. (ECF No. 30.) Plaintiff filed timely objections to the Magistrate Judge's recommendation on March 27, 2014. (ECF No. 32.) The Commissioner filed a response to Plaintiff's objections on April 14, 2014. (ECF No. 33.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit

3

the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     The Court's Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  Vitek, 438 F.2d at 1157–58.

C.     The Magistrate Judge's Report and Recommendation

In the thoroughly prepared Report and Recommendation, the Magistrate Judge, after providing an exhaustive review of Plaintiff's medical history, found that the ALJ appropriately considered the combined effect of Plaintiff's multiple impairments at step three (3) of the sequential evaluation process.  (ECF No. 30 at 23.)  Specifically, the Magistrate Judge observed that the ALJ "considered Listings 1.02, 1.04, 1.06, 12.04, 12.06, and 12.10 [at step three (3)] and

found that the plaintiff did not have an impairment or combination of impairments that met or medically equaled these Listings." (Id. at 24 (citing ECF No. 13-3 at 8–11).) The Magistrate Judge further observed that "[c]ontrary to the plaintiff's argument, the ALJ expressly 'considered the combined effects of the claimant's impairments, both severe and non-severe,' in assessing whether the plaintiff was presumptively disabled under the Listings." (Id. (citing ECF No. 13-3 at 11).)

The Magistrate Judge also found that substantial evidence supported the ALJ's assessment of Plaintiff's creditability in "that while the plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment." (Id. at 28 (citing ECF No. 13-3 at 12).) In support of this finding, the Magistrate Judge noted that while the ALJ did find that Plaintiff was extremely limited such that he could not perform a full range of light work, "there still existed a significant number of jobs in the national economy that the plaintiff remained capable of performing." (Id. at 28–29.)

Finally, the Magistrate Judge determined that substantial evidence supported the ALJ's assessment of (1) the weight given to the opinions of Plaintiff's treating physicians and (2) Plaintiff's residual functional capacity ("RFC"). In this regard, the Magistrate Judge agreed with the ALJ giving "very limited weight" to the opinion of Dr. Mark Beale[2] and little weight to the

---

[2] Mark Beale, M.D., began seeing Plaintiff in November 2003 for medication management. (ECF No. 13-2 at 46.) On February 18, 2009, Dr. Beale opined that Plaintiff "is unable to work due to pain and depression and side effects of medications which he will need chronically." (Id.)

opinion of Dr. Greg Niemer[3]. (Id. at 30–31.) Specifically, the Magistrate Judge agreed with the ALJ that (1) Dr. Beale failed to "identify any specific side effect from the plaintiff's medications, and he did not explain how the plaintiff's chronic need for medications resulted in any persistent, work-related functional limitations"; and (2) Dr. Niemer's opinion was "without definition regarding functional capacity" and "was contrary to the plaintiff's reports to Dr. Robinson[4] that he could perform basic activities of daily living without significant difficulties." (Id. (citing ECF No. 13-3 at 14).) The Magistrate Judge further agreed with the ALJ's assessment of Plaintiff's RFC based on "plaintiff's testimony that he could lift 20 pounds and had no difficulty using his hands; examination findings . . . showing the plaintiff had 5/5 motor strength in his upper and lower extremities with slightly decreased sensation and good range of motion in his left hip and ankle; . . . ." (Id. at 31.)

Based on the foregoing, the Magistrate Judge concluded that the Commissioner's decision is based upon substantial evidence and should be affirmed by this court. (Id.)

D.     Plaintiff's Objections and the Commissioner's Response

Plaintiff contends that his objections support reviewing "anew the disputed factual and legal issues raised by the appeal." (ECF No. 32 at 1.) Objections to the Report and Recommendation must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984)

---

[3] Greg W. Niemer, M.D., first examined Plaintiff on February 9, 2009. (ECF No. 13-2 at 53.) On June 21, 2010, Dr. Niemer opined that Plaintiff's chronic fibromyalgia "worsens the severity of his daily pain, and greatly affects his daily activities." (ECF No. 13-8 at 8.)

[4] David W. Robinson, M.D., performed a consultative independent medical evaluation of Plaintiff on February 22, 2011. (ECF No. 13-8 at 67–76.) Dr. Robinson opined that Plaintiff did not have limitations "in vision, hearing, or speech" and "can perform probably light and infrequent lifting and carrying." (Id. at 73.) Dr. Robinson further opined that Plaintiff "has limitations in his ability to stand and walk for moderate to long distances" and is not a good candidate "for heavier lifting and frequent lifting or pulling activities" or "for driving and traveling for occupational activities." (Id.)

(failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the Report and Recommendation to the extent the Magistrate Judge "bases his approval of the ALJ's decision on 'objective medical evidence' or 'other record evidence.'" (ECF No. 32 at 1.) Accordingly, Plaintiff asserts that if the Magistrate Judge's recommendation is based on a more detailed or expansive reading of the facts than the ALJ's decision, then the court should reject the recommendation. (Id. at 1–2.)

Plaintiff next objects to the Magistrate Judge's failure to address the ALJ's substandard analysis of the combined impact of Plaintiff's "multiple severe and non-severe impairments." (Id. at 2.) Plaintiff specifies that "[t]he ALJ did not undertake a 'combination of impairments analysis' - he simply made a variety of remarks, including that the Plaintiff's medical conditions had not killed him, caused end stage organ damage, hospitalization, or chronic care, and that he could perform some activities of daily living - none of which had anything to do with the cumulative effect of his multiple impairments on his ability to work." (Id.) The ALJ further did not "properly analyze whether the combined effects of those impairments equaled a listing in severity, even though they may not have fulfilled every requirement of any one particular listing." (Id.)

Plaintiff's third objection is to the Magistrate Judge's failure to address the ALJ's lackluster credibility determination. (Id. at 3.) In this regard, Plaintiff contends that substantial evidence does not support the Commissioner's decision because "[t]he ALJ focused on the few circumscribed activities which . . . [Plaintiff] was able to do, failed to consider his well-

7

established limitations, as supported by the medical record, and improperly relied upon a supposed lack of objective medical evidence - as he rejects or fails to consider the medical evidence which supports disability." (Id.)

In his fourth objection, Plaintiff contends that the Magistrate Judge erred by finding that the ALJ appropriately did not give controlling or significant weight to the opinions of Plaintiff's long-term treating physicians. (Id.) Plaintiff asserts that this was in error because these opinions were "well supported by medically accepted clinical and laboratory diagnostic techniques." (Id. at 4.) Plaintiff further surmises that the only explanation for the rulings of both the ALJ and the Magistrate Judge is that they began "from a position that the claimant was not disabled and . . . then search[ed] the record for evidence to support this proposition." (Id.)

In response to Plaintiff's objections, the Commissioner asserts that Plaintiff's objections consist of unsubstantiated arguments and requests that the court "reject Plaintiff's objections, adopt the Magistrate Judge's well-reasoned and thorough Report and Recommendations, and affirm the Commissioner's final decision that Plaintiff was not disabled within the strict confines of the Social Security Act." (ECF No. 33 at 7.)

E.    The Court's Review

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation. After de novo review of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including his evaluation of the medical evidence as it relates to Plaintiff's objections. In this regard, the court overrules Plaintiff's objections to the Magistrate Judge's findings that the ALJ (1) properly evaluated Plaintiff's credibility, (2) sufficiently addressed the combined effect of Plaintiff's impairments, and (3) gave appropriate weight to the opinions of Plaintiff's treating physicians. Specifically,

the court finds that there is evidence in the record to support the ALJ's assessment of Plaintiff's credibility regarding the extent of his limitations. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.") (citation omitted). The court further finds that the evidence in the record supports the ALJ's assessment of the combined effect of Plaintiff's impairments[5] and the weight given to the opinions of Plaintiff's treating physicians. See, e.g., Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) ("[T]he ALJ must adequately explain his or her evaluation of the combined effects of the impairments."); Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (internal citation omitted) ("A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician,

---

[5] The ALJ addressed and explained the combined effects of Plaintiff's impairments as follows:

> Finally, the undersigned has considered the combined effects of the claimant's impairments, both severe and non-severe, set forth above, and has determined that through the date last insured, the findings related to them are not at least equal in severity to those described in Listings 1.00, 2.00, 4.00, 5.00, 6.00, 11.00, 14.0, et seqs. See also Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). Specifically, the undersigned notes that the claimant's orthopedic and musculoskeletal impairments resulted in some lifting limitations; however, he remained highly functional, living independently without the need of assistance. He required use of medications, which reduced his symptoms and did not lead to inpatient hospitalizations. He had, diffuse myalgias with some sleeping difficulties with negative blood work for rheumatoid arthritis. (Exhibit 27F). In addition, as noted above, he had mild to moderate mental limitations that failed to reach Listing level or prevent him from performing activities of daily living. He also did not have damage to other parts of his body or end-organ damage as a result of his impairments. Finally, he did not require hospitalizations or chronic care for his condition. As a result, the undersigned finds that through the date last insured, the combined effects of the claimant's impairments, both severe and non-severe, set forth above, and has determined that through the date last insured, the findings related to them are not at least equal in severity to those described in Listings 1.00, 2.00, 4.00, 5.00, 6.00, 11.00, 14.0, et seqs.

(ECF No. 13-3 at 11.)

absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion."). Based on the foregoing, the court finds that substantial evidence supports the Commissioner's conclusion that Plaintiff was not disabled because he was capable of performing other work available in the national economy.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 30, 2014
Columbia, South Carolina